UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEBRA FIFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil No. 8-143-P-H |
| v. | ) Crim. No. 5-97-P-H |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDED DECISION**

With the assistance of counsel, Debra Fifield has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The gist of Fifield's complaint is not that this Court erred when it granted her a downward departure and imposed a sentence of 48 months in prison after her guilty plea to a charge of conspiracy to distribute cocaine, but rather that the Bureau of Prisons (BOP) has frustrated "sentencing intent" by changing its policies regarding eligibility for participation in certain prison programs. Fifield was sentenced on July 28, 2006. She never appealed or filed an earlier motion for collateral relief. This 28 U.S.C. § 2255 motion was filed on May 7, 2008, well beyond the one-year § 2255 statute of limitation, if measured from the date the judgment of conviction became final. See 28 U.S.C. § 2255(f)(1). However, Fifield apparently argues that on October 7, 2007, she first discovered that the BOP had changed its requirements for eligibility for prison programs and that, therefore, the one-year statute of limitation began running on that date. See 28 U.S.C. § 2255(f)(4) (recognizing the one-year limitation as beginning on the date on which the facts supporting the claim could have been discovered though the exercise of due diligence.) The United States has moved to dismiss this petition. Fifield has not responded to the motion, thereby waiving her right to object to the

dismissal. See Dist. Me. Loc. R. 7(b). I now recommend the Court grant the Government's motion and summarily dismiss this petition.

## Discussion

Fifield raises four separate grounds in her 28 U.S.C. § 2255 motion. The first three grounds clearly pertain to the manner in which her sentence is executed. She argues, first, that the BOP has frustrated the court's sentencing intent by denying her eligibility for the community confinement and early release component of the Residential Drug Abuse Program. As a second ground, she maintains the regulations under which the BOP issued its denial are illegal because they were adopted in violation of the Administrative Procedures Act, 5 U.S.C. § 706 (e)(2)(B). Third, Fifield complains of the BOP's policy disqualifying a prisoner from full participation in the program whenever a firearm enhancement exists in the case, regardless of the ultimate circumstances. In Fifield's case the sentencing judge found after full hearing that she did not possess a firearm as she lacked the requisite intent to exercise dominion and control over any firearms. Fifield believes that the BOP policy, thus, runs afoul of the Second Amendment to the United States Constitution. Fifield's fourth and final ground raises a Booker[1]/Gall[2]/Kimbrough[3] challenge which may be directed at the underlying sentence, in that she argues that this Court had greater sentencing discretion than it might have believed it had. The fourth ground can also be read as yet another challenge to the BOP's regulations.

When I ordered the Government to answer or otherwise respond to this petition on May 8, 2008, I directed the parties' attention to Levine v. Apker, 455 F.3d 71, 77 n.2 (2nd Cir. 2006) (collecting cases in the Second Circuit, determining this sort of challenge to be a conditions of confinement challenge brought pursuant to 28 U.S.C. § 2241 in the jurisdiction where the

---

[1] United States v. Booker, 543 U.S. 220 (2005).
[2] Gall v. United States, __ U.S. __, 128 S. Ct. 586 (Dec. 10, 2007).
[3] Kimbrough v. United States, __ U.S. __, 128 S.Ct. 558 (Dec. 10, 2007).

prisoner is confined, with the Bureau of Prisons/warden as the respondent) and <u>Muniz v. Sabol</u>, 517 D.3d 29 (1st Cir. 2008).  In its motion to dismiss the Government argues that insofar as Fifield's instant motion seeks a declaration that BOP policies regarding eligibility for participation in prison programs violates the sentencing court's intent and are invalid, illegal, and unconstitutional, the instant motion is in actuality a petition under 28 U.S.C. § 2241 that should be dismissed because venue lies not in this district, but in the district of confinement. <u>See</u> <u>Rogers v. United States</u>, 180 F.3d 349, 357 n.15 (1st Cir. 1999);  <u>see</u> <u>also</u> <u>United States v. DiRusso</u>, 535 F.2d 673, 674 (1st Cir. 1976).  Motions attacking the execution of sentence must be brought in the district of confinement. <u>See</u> <u>United States v. Glantz</u>, 884 F.2d 1483, 1489 (1st Cir. 1989); <u>Thompson v. United States</u>, 536 F.2d 459, 460-461 (1st Cir. 1976).  Fifield is incarcerated in the FCI in Danbury, Connecticut. Thus, as perhaps she recognizes given her silence in response to the United States' motion, the proper district in which to bring such a challenge is the District of Connecticut.   That portion of Fifield's motion dealing with the manner in which her sentence is being executed by the BOP should be summarily dismissed.

      The Government suggests that in her fourth ground Fifield may be challenging the validity of the sentence this Court imposed.  I do not read the fourth ground as raising any such challenge, but rather as stating a fourth reason why the BOP's chosen policy is contrary to law. If this is the correct interpretation, the fourth ground should be dismissed for the same reason as the other three grounds.  However, I agree with the Government, for the reasons it states in its memorandum, that if Fifield is challenging the validity of the sentence, her challenge is time-barred under the 28 U.S.C.  § 2255's one-year statute of limitation.

**Conclusion**

Based upon the foregoing I recommend the Government's motion to dismiss be granted and the petition be summarily dismissed.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 1, 2008